UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Cindy Ngoc Dang,   Case No. 19-53391-JT
   Chapter 7
 Debtor.   Hon. Thomas J. Tucker
_____/

**TRUSTEE'S OBJECTION TO WELLS FARGO BANK'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Chapter 7 Trustee Homer W. McClarty states the following in response to Wells Fargo's motion (Doc 22):

1. The Trustee admits that Wells Fargo is the holder of a mortgage on property owned by the Debtor located at 54556 Pelican Ln, Shelby Township, Michigan.

2. The Trustee admits that the Debtor filed her Chapter 7 case on September 18, 2019.

3. The Trustee admits the allegations at paragraph 3.

4. The Trustee neither admits nor denies that the Debtor is required to remit monthly payments to Wells Fargo currently in the amount of $1,475.82 due to lack of information to form a proper response, leaving Wells Fargo to its proofs.

5. The Trustee neither admits nor denies that the Debtor has failed to remit the required payments due to lack of information to form a proper response, leaving Wells Fargo to its proofs.

6. The Trustee denies the allegation that Wells Fargo is not adequately protected because there appears to be significant of equity in the property after deducting for the first mortgage held by Wells Fargo of $280,844.04 and the second mortgage held by Citizens of approximately $174,000. The Trustee neither admits nor denies that the balance of the allegations at paragraph 6 due to lack of information to form a proper response, leaving Wells Fargo to its proofs.

7. The Trustee admits that the Statement of Intention indicates the subject property is to be surrendered. In further response, the Trustee states that he has employed a broker (Doc 18) who is actively marketing the property for sale.

8. The Trustee admits the allegations at paragraph 8.

9. The Trustee admits that the market value of the subject property is $564,900, according to the Debtor's Schedule A/B.

10. The Trustee denies that costs of sale change the market value of the property.

11. The Trustee neither admits nor denies that the total debt owing to Wells Fargo as of November 12, 2019 was approximately $280,844.04 due to lack of information to form a proper response, leaving Wells Fargo to its proofs.

12. The Trustee neither admits nor denies that Wells Fargo may incur legal fees and costs in the amount of $1,131 in connection with seeking the relief requested in the motion due to lack of information to form a proper response, leaving Wells Fargo to its proofs.

13. The Trustee denies that the Debtor has claimed an exemption under MCL 600.5451(1)(n) in the amount of $38,225. In further response, the Trustee states that the Debtor claimed an exemption under M.C.L. § 600.5451(1)(m) in the amount of $38,225 (Doc 8, Schedule C).

14. The Trustee admits that the Debtor's schedules show Charter Township of Shelby Treasurer may have an additional $3,854.04 interest and Citizens Bank may have an additional $174,293.72 interest in the subject property.

15. The Trustee denies the allegation that no other creditor will receive any benefit from the sale of the subject property because there appears to be significant equity in the property that can be used to pay creditors.

16. No response is required to paragraph 16 as it is merely a request for relief.

17. No response is required to paragraph 17 as it is merely a request for relief.

18. The Trustee admits that Wells Fargo attached a proposed order to the motion.

19. No response is required to paragraph 19 for the reason it is merely a request for relief.

20. The Trustee admits that concurrence from the Chapter 7 trustee was sought by Wells Fargo's attorney's office and was not able to be obtained. The Trustee neither admits nor denies that concurrence from debtor's attorney was sought by Wells Fargo's attorney's office and was not able to be obtained due to lack of information to form a proper response, leaving Wells Fargo to its proofs.

Wherefore, the Trustee requests that the Court deny Wells Fargo's motion and grant such further relief as deemed appropriate.

Steinberg Shapiro & Clark

/s/ Tracy M. Clark (P60262)
Attorney for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: December 6, 2019